UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE SPENCE, : | |
|     plaintiff, : | |
| : | |
| v. : | Case No. 3:21cv87(AVC) |
| : | |
| LIEUTENANT PEAU and CAPTAIN : | |
| PORTOLO, : | |
|     defendants. : | |

### INITIAL REVIEW ORDER

On January 19, 2021, the plaintiff, Tyrone Spence, who is a sentenced inmate[1] confined at the Garner Correctional Institution ("Garner"), filed a complaint pro se and in forma pauperis, pursuant to 42 U.S.C. § 1983, against Corrigan-Radgowski Correctional Center ("Corrigan"), lieutenant Peau, John Doe, and captain Portolo.  On January 26, 2021, the plaintiff filed an amended complaint against only Peau and Portolo, alleging Eighth Amendment excessive force claims and requesting compensatory and punitive damages.

For the following reasons, the plaintiff's Eighth Amendment claims will be permitted to proceed against Peau and Portolo.

---

[1] The court may "take judicial notice of relevant matters of public record." Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012). At this time, the DOC website shows that Spence is a sentenced inmate who is currently confined at Garner.  http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=367464.

1

**FACTS**

The complaint reveals the following facts.

On October 21, 2020, Spence, who weighs 265 pounds, was sent to the Restrictive Housing Unit ("RHU") for painting his face.  During his escort to the RHU, Spence refused to walk and he was subsequently put into a very small wheelchair.  Spence was handcuffed behind his back and had leg shackles on his feet, while two officers were holding his arms.

Spence, who did not fit well in the wheelchair with his hands cuffed behind his back, was sitting on the edge of the chair, with his feet dragging as the defendants, Peau and Portolo, refused to lower the foot rest.  The defendants instructed the other officers to tilt the wheelchair backwards. When the wheelchair tilted back, Spence's body was forced to extend so that he was sitting on the edge of his seat with his legs straight out dragging on the ground.  Throughout this time, Spence made repeated requests for the defendants to lower the footrest, but they refused.

Although the defendants had complete physical control of the plaintiff, Peau sprayed the plaintiff with a chemical agent at Portolo's instruction, because Spence's feet were dragging. Spence cried and explained that all the defendants needed to do was to put the foot rest down and that they had no reason to

spray him as he was shackled and cuffed in the wheelchair.

The defendants continued to move Spence toward the RHU, in the wheelchair, with his feet dragging on the ground. They brought him first to the medical unit where Spence asked for the defendants to lower the footrest. He cried and screamed about how they did not have to spray him with a chemical agent.

After the nursing and mental health staff made a comment about the footrest, the defendants put the footrest down. They then transported Spence to the RHU without any issues.

## STANDARD

Pursuant to 28 U.S.C. § 1915A, this court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## DISCUSSION

Spence alleges that the defendants, Peau and Portolo, subjected him to excessive force by spraying him with a chemical agent, in violation of the Eighth Amendment.

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976). An inmate alleging excessive force in violation of the Eighth Amendment has the burden of establishing both an objective and subjective component to his claim. Sims v. Artuz, 230 F.3d 14, 22 (2d Cir. 2000); see also Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). The "core judicial inquiry" is "not whether a certain quantum of injury was sustained," but whether unreasonable force

4

was applied given the circumstances.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

When an inmate alleges use of excessive force by a correctional officer in violation of the Eighth Amendment, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Hudson, 503 U.S. at 6-7 (1992).  The court considers factors including "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. at 7 (internal quotations and citation omitted).

Spence's allegations are sufficient to raise an inference that the force used was unreasonable under the circumstances, in light of the his physical restraint and position in the wheelchair.  Thus, the his allegations suggest that the defendants use of the chemical agent spray was not for penological reasons, but for the purpose of causing Spence harm.  The court will permit the plaintiff's Eight Amendment claims to proceed against Peau and Portolo.

5

## IV.   ORDERS

The court enters the following orders:

(1) The case shall proceed on the plaintiff's Eighth Amendment excessive force claims against the defendants, Peau and Portolo, in their individual capacities, for damages.

(2) The clerk shall verify the current work address for lieutenant Peau and captain Portolo with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint to them, at their confirmed addresses, within twenty-one (21) days of this order, and report on the status of the waiver request on the thirty-fifth (35th) day after mailing.

If a defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service, on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall send a courtesy copy of the amended complaint and this order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) The defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of

service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. The defendants may also include any and all additional defenses permitted by the federal rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the court.  The order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

(8) According to local civil rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)  If the plaintiff changes his address at any time during the litigation of this case, local court rule 83.1(c)2

provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) The plaintiff shall utilize the Prisoner E-filing Program when filing documents with the court. The plaintiff is advised that the program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

It is so ordered this 2nd day of April 2021, at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge